In the Matter of CHARLES MANGIARACINA, Respondent, v ABRAHAM D. BEAME, Individually and as Mayor of the City of New York, et al., Appellants.

First Department, December 2, 1976

*Irving Cohen* of counsel *(L. Kevin Sheridan* with him on the brief; *W. Bernard Richland, Corporation Counsel),* for appellants.

*John F. Mills* of counsel *(Robert A. Kennedy* with him on the brief; *Doran, Colleran, O'Hara, Pollio & Dunne, P. C.,* attorneys), for respondent.

LANE, J. Petitioner was employed in the position of Investigator for the Department of Probation from December 1, 1969 to November 23, 1973, at which time he was appointed to the title of Probation Officer Trainee.

When petitioner was notified that he and all others holding the position of Probation Officer Trainee were being terminated because of the budgetary crisis in the City of New York, petitioner filed a claim for "bumping rights" which would allow petitioner, if certain prerequisites were met, to displace the junior incumbent in the competitive class and in the same layoff unit as petitioner (Civil Service Law, § 80, subd 5).

We all are in agreement with the conclusion of Special Term that petitioner's last date of employment as a Probation Officer Trainee was June 30, 1975, and that petitioner has met all but one of the requirements of subdivision 5 of section 80 of the Civil Service Law.

In contention is whether the position of the junior incumbent sought by petitioner is in "a lower salary grade than the position from which the displacing incumbent is suspended or displaced" (Civil Service Law, § 80, subd 5).

The litigants do not raise the issue of whether or not there

is a junior position presently held by a junior incumbent which would be available to the petitioner, and it is implicit in the record before us that such a junior position is extant. Furthermore, subdivision 5 of section 80 of the Civil Service Law contemplates looking to an existing *position* in a salary grade and not to a specific junior incumbent with which to compare salaries. For example, the displacing incumbent's new salary is calculated on the basis of the salary of the junior *position,* with credit given for the number of years served in the position from which the displacing incumbent came (Civil Service Law, § 131, subd 3), and not by a takeover of the displaced junior incumbent's salary.

In the case at bar, had petitioner retained the position of Investigator (which position petitioner held prior to becoming a Probation Officer Trainee), his salary on July 1, 1975 would have been $11,525 annually, while the salary of a Probation Officer Trainee on July 1, 1975, had the position not been abolished, would have been $12,200 annually.

New York City civil service parlance does not include use of the phrase "salary grade," though the New York State Civil Service Law does utilize it (cf., e.g., New York City Civil Service Rules and Regulations, § 6.5.3[b] with Civil Service Law, § 131, subd 3, par [c]). Nonetheless, the New York City Civil Service Rules and Regulations mandate adherence, whenever possible, to the provisions of the New York State Civil Service System (New York City Civil Service Rules and Regulations, § 6.5.1).

The method of determining whether a New York City employee meets the criterion of subdivision 5 of section 80 of the Civil Service Law with regard to salary must therefore contemplate comparison of the salary of the displacing incumbent in his permanent position with his salary in the junior position, computed by adding to the salary of the junior position credits for the number of years served in the position from which the permanent incumbent came (Civil Service Law, § 131, subd 3). Petitioner, whose salary would have been $12,200 annually, is seeking a junior position in which his salary would have been $11,525 annually. Since petitioner has met all the criteria of subdivision 5 of section 80 of the Civil Service Law, as applied to the New York City Civil Service System, he is entitled to the relief requested.

Accordingly, the judgment of the Supreme Court, New York County (HELMAN, J.), entered October 6, 1975, granting the

petition and annulling the respondents' determination, should be affirmed without costs or disbursements.

Silverman, J. (dissenting). In this article 78 proceeding Special Term has held that petitioner, on abolition for budgetary reasons of his position as Probation Officer Trainee in the New York City Probation Department, was entitled to reinstatement as an employee of that department in his former title as Investigator pursuant to subdivision 5 of section 80 of the Civil Service Law. This of course involved displacement of a junior incumbent Investigator. Petitioner had been employed as an Investigator from December 1, 1969 to November 23, 1973 when he left that position to assume the post of Probation Officer Trainee. I agree that petitioner's position as Probation Officer Trainee was terminated as of midnight June 30, 1975. At that time petitioner as a second-year trainee was receiving the salary of $11,200 per annum; in accordance with a collective bargaining agreement, his salary would have gone up to $12,200 per annum on July 1, 1975. The salary range of Investigators at all relevant times was from a low of $10,275 per annum to a high of $13,525 per annum. Because of petitioner's seniority, etc., his salary as Investigator, if reinstated on either June 30 or July 1, 1975, would have been $11,680 per annum. Subdivision 5 of section 80 of the Civil Service Law provides that when an incumbent "is suspended or displaced from a position in a title for which there are no lower level occupied positions in direct line of promotion, he shall displace the incumbent with the least retention right * * * who is serving in a position in the title in which the displacing incumbent last served on a permanent basis prior to service in one or more positions in the title from which he is suspended or displaced, if: * * * (2) the position of the junior incumbent is in * * * (c) a lower salary grade than the position from which the displacing incumbent is suspended or displaced".

Petitioner contended, and Special Term agreed, that his services as Probation Officer Trainee terminated at midnight June 30, 1975; that the earliest date he would become an Investigator under the statute would be July 1, 1975; that on that date (unlike June 30, 1975, the date of his termination) the salary of a Probation Officer Trainee would have been $12,200 per annum which was more than the salary of $11,680 per annum that petitioner would receive as Investigator; and that therefore petitioner met the requirement that the posi-

tion of the junior incumbent was in a lower salary grade than the position from which petitioner was suspended or displaced. I do not agree.

The statute does not talk in terms of a lower salary; it talks in terms of a "lower salary grade." The statute contemplates that the salaries within a salary grade shall not all be the same; that a higher and a lower salary may be within the same salary grade; that salary grades encompass a range of salaries; and, indeed, that there is some overlapping of salaries between grades. (See Civil Service Law, § 130.) Thus the fact that a salary of a particular incumbent in one job may be more or less than the salary of a particular incumbent in another job does not indicate whether the two jobs are in different salary grades and, if they are, which is in the lower salary grade.

That the statute does not contemplate merely comparison of particular salaries of particular incumbents is further apparent from the preceding sentence of subdivision 5 of section 80 of the Civil Service Law covering the parallel case of displacement where there *are* lower level occupied positions in direct line of promotion. In that case, the senior incumbent shall displace junior incumbents serving "in the next lower occupied title in direct line of promotion".

Section 130 of the Civil Service Law clearly defines salary grades in the State civil service. The record does not contain that kind of precision with respect to salary grades within the city civil service. The record does indicate that there is a range of salaries for the position of Investigator, and plainly enough the salary of Probation Officer Trainee falls within that range. For the reasons I have indicated this does not settle the question of which job is in a lower salary grade.

It may even be that salary grades are largely ignored in the city civil service and that salaries are now mostly fixed by collective bargaining under the Taylor Law (Civil Service Law, § 204). It is by no means clear to me that an increase in salary by collective bargaining can ever have the effect of changing the civil service salary grade, at least for the purpose of prejudicial comparison with the salary grade of jobs and employees who are not parties to or covered by the particular collective bargaining agreement.

The Special Term granted final judgment on papers without, holding an evidentiary hearing. In view of the ambiguities to which I have referred, I think there is an issue of fact requiring a trial pursuant to CPLR 7804 (subd [h]). At that

trial there can be explored the question whether the Investigator's job is in a lower salary grade than a Probation Officer Trainee's, including, if necessary, the subsidiary question as to whether there are relevant salary grades in the city's civil service; if not, whether there are substantial equivalents to salary grades; and the effect either way.

Finally, I note that even if we were to ignore salary grades and consider simply the salary of a particular incumbent as Special Term has, the statute does not require comparison of the salary of the displacing incumbent in the two positions; rather it requires that the position of the "junior incumbent" be in a lower salary grade than that from which the "displacing incumbent" is suspended. Thus, even if salaries are to be compared (rather than, as I think, salary grades) then it would be more consonant with the language of the statute to compare the salary of the displacing incumbent with the salary of the junior incumbent who is being displaced. The record does not indicate who that junior incumbent is or what his salary would be.

The judgment appealed from should be reversed and the case remanded for a trial pursuant to CPLR 7804 (subd [h]).

MURPHY, J. P., BIRNS and CAPOZZOLI, JJ., concur with LANE, J.; SILVERMAN, J., dissents in an opinion.

Judgment, Supreme Court, New York County, entered on October 6, 1975, affirmed, without costs and without disbursements.